**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ELLIS MCWHORTER and JOHANNA
MCWHORTER,

                 **Plaintiffs,**

-vs-                                                         Case No. 6:08-cv-1978-Orl-31KRS

MILLER, EINHOUSE, RYMER & BOYD,
INC.; JEFFREY EINHOUSE, BARRY
RYMER, STEVE BOYD, DIRK MOHLE,
CHAD CHILDS, MARY SCHMIDT,
STEVE BESELY, CHRIS KENNEDY,
ADAM BABBITT and ANDREW ADAMS,

                 **Defendants.**

_____

# ORDER

      This matter comes before the Court on the Motion to Dismiss Counts III, IV, VIII, IX, XI, XII, XIII, XIV and XVII (Doc. 7) filed by the Defendants and the response (Doc. 16-18) filed by the Plaintiffs, Ellis and Johanna McWhorter.

**I.     Background**

      According to the allegations of the Amended Complaint (Doc. 2), which are accepted as true for purposes of this order, Plaintiff Ellis McWhorter was employed by Defendant Miller, Einhouse, Rymer & Boyd, Inc. ("MERBI") from March 2006 to December 2007, when he was terminated. The individual Defendants were Ellis McWhorter's co-workers at MERBI, a civil engineering firm, or members of the firm's management. Johanna McWhorter is Ellis McWhorter's spouse.

While employed by MERBI, Ellis McWhorter endured numerous incidents of harassment and hazing from his co-workers, ranging from teasing and name-calling (as to both Ellis and Johanna McWhorter) to signing him up for visits from Mormon missionaries or to receive Nazi literature to battery (in the form of one employee intentionally bumping into or throwing his shoulder or elbow into him) and threats to use weapons against him. Ellis McWhorter reported the incidents to various members of the management at MERBI, but they either failed to act or, at least, failed to act effectively. Eventually, MERBI management opted to terminate Ellis McWhorter rather than address the behavior of the other employees.

On October 30, 2008, the McWhorters filed a 42-page, 16-count complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. The McWhorters' 51-page, 17-count Amended Complaint was filed on November 15, 2008. In one count (Count XV), Ellis McWhorter asserted a claim for violation of the Fair Labor Standards Act. On November 24, 2008, the Defendants removed the case to this Court based on the FLSA claim. (Doc. 1). The Defendants now seek dismissal of ten of the Complaint's 17 counts.

**II.     Standards**

    **A.     Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court must view the complaint in the light most favorable to the Plaintiff,. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits

attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

   B.   **Shotgun Pleadings**

Generally speaking, shotgun pleadings "are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Shotgun complaints

> invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint; the complaint is followed by an answer that responds to each and every statement. If the trial judge does not quickly demand repleader, all is lost – extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits.

*Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

> [I]t is much easier in the short term to permit shotgun pleadings – in the hope that the parties will settle their dispute – instead of intervening *sua sponte* to narrow the issues. In the long term, however, the judicial work that results from shotgun pleading is far more time consuming than the work required up front to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined. As we have previously stated, and state once again, district courts have the power and the duty to define the issues at the earliest stages of litigation.

*Id.*

Under the Federal Rules of Civil Procedure, a defendant faced with a shotgun complaint is not expected to frame a responsive pleading. Rather, the defendant is expected to move, pursuant to Rule 12(e),[1] to require the plaintiff to file a more definite statement. *Anderson v. Board of Trustees of Cent. Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader. *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001). This duty to intervene *sua sponte* applies whether the court is faced with a shotgun complaint or a shotgun answer. *Id.* at 1133, n.114.

> Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard. Wasting scarce judicial and parajudicial resources impedes the due administration of justice and, in a very real sense, amounts to obstruction of justice.

*Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) (internal quotation omitted).

---

[1] Rule 12(e) states: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

**III. Analysis**

The Defendants seek dismissal of Counts III and IV, which assert claims of interference with employment relationship against a number of the individual defendants (Count III) and against MERBI (Count IV), on the grounds that no such cause of action exists in favor of an at-will employee such as Ellis McWhorter. In addition, Defendant MERBI asserts that no such cause of action exists against a party to the employment relationship at issue. In their response, the McWhorters do not dispute these points. Counts III and IV will therefore be dismissed with prejudice. Similarly, the Plaintiffs fail to respond to the Defendants' arguments that Florida law does not recognize a cause of action for common law negligence in the workplace (Counts XI and XII) and that they have failed to state a claim for retaliatory discharge for filing a worker's compensation claim (Count XVII). Those counts will also be dismissed, the former two with prejudice.

In Counts VIII and IX of the Amended Complaint, the McWhorters assert loss of consortium claims against a number of individual defendants and MERBI, respectively. The Defendants contend that the claims must be dismissed because loss of consortium is a derivative claim, and Johanna McWhorter has not alleged that she suffered any tort that might support a loss of consortium claim by Ellis McWhorter. The McWhorters contend that Johanna has pled a claim for negligent infliction of emotional distress in Count X, which would support her claims for loss of consortium. However, a review of that Count shows that it was pled as to Ellis McWhorter, only. Counts VIII and IX will therefore be dismissed, but only as to Johanna McWhorter. (But see below.)

Finally, the Defendants seek dismissal of the Plaintiffs' claims for intentional infliction of emotional distress (Counts XIII and XIV), arguing that the allegations do not rise to the level of outrageousness needed to support such a claim. The Plaintiffs respond with a long list of slights and incidents endured by Ellis McWhorter, arguing in effect that their sheer number makes up for the fact that none of the incidents individually rises to such a level. After careful review, the Court agrees with the Defendants. Counts XIII and XIV will be dismissed with prejudice.

In addition, the Court has reviewed the Amended Complaint and *sua sponte* finds it to be a shotgun pleading, comprising a lengthy laundry list of allegations incorporated into each count whether they are relevant or not. Allegations about threats and intimidation perpetrated by MERBI employees, for example, have no relevance to the issue of whether MERBI violated Ellis McWhorter's rights under the Fair Labor Standards Act, which is concerned with minimum wage and overtime requirements. Despite this, those allegations are incorporated into the FLSA count. (The Court also notes that some of the allegations and legal conclusions included in the "Background Facts" section of the Amended Complaint appear to be irrelevant to *all* of the claims asserted, rather than just some of them.) As required by Eleventh Circuit precedent regarding shotgun pleadings, the Amended Complaint will be dismissed in its entirety.

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss Counts III, IV, VIII, IX, XI, XII, XIII, XIV and XVII (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**, as detailed above, and the Amended Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading. And it is further

**ORDERED** that on or before January 30, 2009, the Plaintiffs may file a Second Amended Complaint that complies with the above-cited precedent regarding shotgun pleadings and the directive of Federal Rule 8(a)(2) to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[2] The Second Amended Complaint may not add new claims, but may attempt to cure the deficiencies identified above and reassert any claims that were dismissed without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 14, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] Counsel for the Plaintiffs should also familiarize themselves with the provisions of 28 U.S.C. § 1927.